No. 23,344.

CHARLES C. ACHORN, *Appellant,* v. H. A. SOUTHWORTH, *Appellee.*

SYLLABUS BY THE COURT.

CONTRACT TO OPERATE A RANCH—*Action for Settlement—Error in Conclusion of Law—Judgment Directed on Findings of Fact.* Confession of error in a conclusion of law stated by the district court approved, and the cause remanded with direction to enter a correct judgment on findings of fact to which no substantial objection is interposed.

Appeal from Gray district court; CHARLES E. VANCE, judge *pro tem.* Opinion filed December 10, 1921. Reversed.

*Frank L. Martin, John M. Martin,* and *James N. Farley,* all of Hutchinson, for the appellant.

*Albert Watkins,* and *Arthur C. Scates,* both of Dodge City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was commenced by Achorn, a ranch owner, to adjust his business affairs with Southworth, who contracted to operate the ranch. The court concluded the contract relation became one of partnership, and undertook to dispose of the controversy accordingly. The plaintiff appeals, and Southworth confesses error.

The district court made very full findings of fact, to which no substantial objection is interposed by either party. Consideration of the pleadings and findings satisfies this court that the venture was not, and did not become, one of partnership. Therefore the judgment of the district court is reversed.

The facts having been found, a new trial is unnecessary, and judgment should be rendered on the findings of fact, without regard to the conclusions of law. Evidence incidental to a restatement of the account between the parties may be taken, if necessary, but the merits of the case are not to be reopened.

Some suggestions may obviate further controversy in the district court. The term of one year, limited by the original contract, expired on March 1, 1919. After that the relations of the parties were to continue while they mutually agreed. The disagreement found by the court terminated the enterprise. When it came to an end, Southworth's right to occupy the ranch was extinguished. The eighty-seven head of cattle with which the ranch was originally stocked belonged to the plaintiff. The agreed value of the cattle was to be made good to him without interest, and the profits on the

cattle were to be divided. Cattle, hogs and poultry subsequently purchased by the plaintiff to stock the ranch belonged to him, and were supplied on the same terms as the first herd of cattle, except that the plaintiff was to receive his investment, with interest on half of it from date of advancement, and half the profits. Work stock, machinery, and all equipment for operating the ranch, were to be furnished by Southworth and belong to him. Money advanced by the plaintiff to purchase operating equipment and to pay operating expenses, was to be repaid, with interest, by Southworth. According to the twenty-fourth finding, the plaintiff has agreed to take horses, tools, fencing, machinery, and equipment, at cost.

The cause is remanded to the district court to state an account according to the findings of fact, as interpreted by the foregoing suggestions, and to render judgment accordingly.